[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
RE: PLAINTIFF'S MOTION FOR CHILD SUPPORT AND ALIMONY PENDENTE LITE, CODED NO. 102 CT Page 8233
The plaintiff has filed a motion for alimony and support, coded No. 102. The defendant's gross weekly income is $611. The plaintiff's gross weekly income is $392.60 ($1700 per month) based on the rental income received from property located at 107 Flat Rock Drive ("rental property"). The parties have agreed on the record that the plaintiff will continue to receive this rental income for her sole use.
The parties are in dispute as to what income the court should attribute to the defendant in entering financial orders. The plaintiff seeks to have the court consider the defendant's earning capacity. The court finds that there is no credible evidence of what his earning capacity would be in the fields that he is capable of working, and whether such jobs are available, and for those reasons declines to consider his earning capacity. For purposes of the financial orders hereinafter entered, the court finds that the defendant's net weekly income is $460.
The court finds that under the child support guidelines the amount of support that the defendant should pay to the plaintiff is $113 (which takes into account taxes that the plaintiff will have to pay on the weekly rental income of $392).
The defendant has agreed on the record that he will continue to pay the mortgage payments of $1850 on the marital residence, and the mortgage payments of $1830 per month on the rental property. The defendant has also agreed that he will continue to pay for the real estate taxes on the two properties, as well as all automobile insurance, homeowner's insurance and health insurance.
The court reserves until time of trial its decision regarding any outstanding medical bills.
 ORDERS
1. The defendant is ordered to pay the plaintiff support in the amount of $113 weekly.
2. The plaintiff is to receive for her sole use the rental payment of $1700 per month from the rental property. CT Page 8234
3. The defendant is ordered to pay the mortgage payments and real estate taxes for both the marital residence and rental property, all automobile insurance, homeowner's insurance, and health insurance.
4. The support order is not retroactive to April 27, 1998, since the court finds that the plaintiff has been receiving the $1700 rental income solely for her own use prior to and since that date.
5. Based on the stipulation and consent of both parties, the court orders that $15,000 be liquidated from the Smith Barney IRA reflected in defendant's financial affidavit. This sum is to be used to pay the June, July and August mortgage payments on both the marital residence and the rental property and the defendant's rent.
6. No further orders are entered.
Rogers, J.